FILED
SUPERIOR COURT
OF GUAM

2025 JUN 20 PM 4: 21

CLERK OF COURT

BY:_____ ꟽꟽꟼ_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JUANITA ARCEO,<br><br>                        Plaintiff,<br><br>vs.<br><br>CULGUAM, INC. doing business as COST-U-LESS,<br><br>                      Defendants. | **CIVIL CASE NO. CV0397-20**<br><br>**DECISION AND ORDER DENYING MOTION FOR REVIEW BY AND HEARING BEFORE A SUPERIOR COURT JUDGE** |

Defendant CULGuam, Inc. doing business as Cost-U-Less ("CULGuam") moved for a Superior Court Judge, rather than a Magistrate Judge, to review its January 31, 2025 Motion for Reconsideration of the Order Granting Sanctions. The Order Granting Sanctions, issued by Magistrate Judge Jonathan Quan, sanctioned CULGuam and its attorneys with discovery violations. Having reviewed CULGuam's present motion seeking for a Superior Court Judge to evaluate the Motion for Reconsideration, the Court determines that the matter remains properly with Magistrate Judge Quan.

## I.   PROCEDURAL BACKGROUND

Following discovery revealing that CULGuam had an outside insurance company, which it never disclosed during discovery or at any point through this case's two jury trials, the Court referred post-judgment discovery proceedings to Magistrate Judge Quan. Order Referring Mot. to Magistrate (May 13, 2024). The Magistrate Judge heard Plaintiff Arceo's Motion to Compel Discovery and for Leave to Take Depositions and Arceo's Motion for Leave to Amend

Complaint on September 16, 2024. The Magistrate Judge issued an Order Re: Plaintiff's Motion to Compel Discovery and for Leave to Amend Complaint on January 21, 2025. This Order included sanctions upon CULGuam and its attorneys, Camacho Calvo Law Group, pursuant to Guam Rules of Civil Procedure 26 and 37. CULGuam and CC Law both moved to reconsider the Magistrate Judge's Order. This Court subsequently issued a Notice to Parties on February 10, 2025 stating that the reconsideration motions would remain with the Magistrate Judge.

After filing its Motion for Reconsideration, CULGuam filed a Motion for Review by and Hearing Before a Superior Court Judge. CULGuam argues that this Court should defer to the Federal Rules of Civil Procedure (FRCP) 72 and 73 to determine that the Magistrate Judge cannot retain jurisdiction to reconsider his own order. The Defendants request that the Court withdraw the second referral to the Magistrate Judge and reassign the Motion for Reconsideration to a Superior Court Judge for adjudication. Def.'s Mot. Review & Hr'g Before Superior Ct. Judge at 4 (Mar. 12, 2025); CC Law Joinder in Def.'s Mot. Review & Hr'g Before Superior Ct. Judge at 2 (Mar. 14, 2025).[1] Arceo filed an opposition to these Motions arguing that the Superior Court has the inherent power to manage this litigation, that the Federal Rules cited are instructive but not binding, that this Court has already decided that the reconsideration motions would remain with the Magistrate Judge, and that CULGuam and CC Law's Motions are untimely. Pl.'s Opp'n to Def.'s Mot. Review. & Hr'g Before Superior Ct. Judge at 1, 3 (Apr. 7, 2025).

---

[1] CC Law filed a non-substantive joinder.

## II.    REVIEW BY AND HEARING BEFORE A SUPERIOR COURT JUDGE

The parties make their Motions on the basis of the Federal Rules of Civil Procedure ("FRCP") 72 and 73. FRCP 72 details that for both non-dispositive and dispositive matters, if a party moves in a timely manner, the district judge must review objections. They argue that these Rules are instructive because they were "devised to safeguard due process and other constitutional considerations" associated with how magistrate judges handle matters other than trials. Def.'s Mot. Review & Hr'g Before Superior Ct. Judge at 3.

In making their arguments, parties recognize, however, that when these provisions were added to the FRCP in 1983, the Guam Supreme Court declined to adopt them because there was no local magistrate statute. *Id.* at 2. Further, the Guam Rules of Civil Procedure are in fact adopted by the Guam Supreme Court pursuant to its authority under 48 U.S.C. § 1424-1(a)(6). The revised Guam Rules of Civil Procedure and Local Rules of the Superior Court were adopted by the Guam Supreme Court on May 3, 2007, twenty-four years after the addition of FRCP 72 and 73. GRCP Preamble. Given that the Guam Supreme Court had the opportunity to adopt rules similar to FRCP 72 and 73 but decided not to, the Court declines to follow the guidance of FRCP 72 and 73 here. Regardless of if the parties have timely objected to Magistrate Judge Quan's Order, the Court finds that the arguments presented for this Court to follow FRCP 72 and 73 provide little to no persuasive value.

## III.    MAGISTRATE JUDGE'S AUTHORITY

This Court has previously determined that the Motion for Reconsideration was to remain with Magistrate Judge Quan in its Notice to Parties. CULGuam and CC Law have argued in their briefs that the Magistrate Judge does not have adequate authority under 7 GCA § 4401(c) to issue sanctions as his authority is limited to "pretrial" matters, and that if the Court is attempting

to permit the Magistrate Judge's actions through him acting as a Special Master, the process was procedurally deficient. Def. CULGuam Mot. Recons. Order Grant. Sanctions at 13 (Jan. 31, 2025); Mem. P. & A. in Supp. CC Law Mot. Recons. Jan. 21, 2025 Dec. & Order at 5 (Jan. 31, 2025). The Court takes this opportunity to determine Magistrate Judge Quan's authority prior to the disposition of these reconsideration motions.

7 GCA § 4401(c) details matters magistrate judges have authority over. CC Law points to 7 GCA § 4401(c)(7), (12), and (14) in particular. Mem. P. & A. in Supp. CC Law Mot. Recons. Jan. 21, 2025 Dec. & Order at 4. These sections state that magistrate judges have the ability to serve as Special Masters upon appointment by the Presiding Judge; that magistrate judges can preside over initial scheduling conferences in civil matters *to include but not limited to* initial pretrial conferences, case scheduling, discovery disputes, motions, and settlement efforts; and that they may hear and determine pretrial matters other than case dispositive motions, respectively. CULGuam argues that the only circumstance in which a magistrate judge may exercise authority to impose sanctions under GRCP 37 is when appointed as a Special Master under GRCP 53, which this Court did not do. Def. CULGuam Mot. Recons. Order Grant. Sanctions at 13-14. It argues further that this case does not fall within the category of "collections matters" that are handled by magistrate judges. *Id.* at 14. Plaintiff Arceo argues that magistrate judges have authority to review discovery disputes and motions under 7 GCA § 4401(c)(12).

The Court starts by confirming that Magistrate Judge was not appointed as a Special Master. However, the Court maintains its belief that the scope of work referred to the Magistrate Judge falls within the authority for magistrate judges to decide. Magistrate judges in Guam have greater latitude than what is prescribed by the federal rules. Guam statutes allow for this

flexibility when, like in 7 GCA § 4401(c)(12), the scope of responsibilities is prefaced by language like "but not limited to." Magistrate judges are routinely tasked with presiding over matters involving discovery. Per 7 GCA § 4401(c)(12) magistrate judges preside over initial scheduling conferences in civil matters including discovery disputes and under 7 GCA § 4401(c)(11) magistrate judges preside over discovery motions in criminal matters. The Court finds that its referral of post-judgment discovery proceedings is in alignment with Guam statutes and regular practices at the Guam Superior Court which refer discovery matters to magistrate judges. The Court does not believe it was necessary for the Magistrate Judge to be appointed as a special master since magistrate judges have the authority to hear these matters without undergoing that process. Accordingly, the Court finds that the Magistrate Judge had the authority to hear these post-judgment discovery proceedings and stands by its Notice to Parties.

## IV.    CONCLUSION AND ORDER

The Court DENIES CULGuam and CC Law's Motions for Review by and Hearing Before a Superior Court Judge on the basis that Guam does not adopt FRCP 72 and 73, and that the Magistrate Judge had adequate authority to hear the post-judgment discovery motions and to order discovery sanctions.

**SO ORDERED** this ___June 20___ , 2025.

HON. JOHN C. TERLAJE
Judge, Superior Court of Guam